IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRIS GOLIGHTLY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO.** 3:12-cv-00583 |
| | § | |
| **AMERICA'S TIRE CO., INC.** and | § | |
| **JIMMIE WILSON** | § | |
| | § | |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. INTRODUCTION

1.	Plaintiff CHRIS GOLIGHTLY ("Golightly"), a former employee of Defendant AMERICA'S TIRE CO., INC. ("America's Tire"), brings this action for overtime compensation and other relief under the Fair Labor Standards Act ("the Act"), as amended, through 29 U.S.C. §2l6(b), and for unpaid wages for breach of contract and quantum meruit under Texas law, against America's Tire and additional Defendant JIMMIE WILSON ("Wilson").

### II. PARTIES

2.	Plaintiff Golightly is an individual residing in Dallas County, Texas.

3.	Defendant America's Tire is a domestic for-profit corporation that can be served with summons by serving its registered agent, Hobie Gregory, 1214 South Carrier Parkway, Grand Prairie, Texas.

4.     Defendant Jimmie Wilson is an individual who may be served with summons at her place of business, America's Tire, at 1214 South Carrier Parkway, Grand Prairie, Texas.

## III. JURISDICTION AND VENUE

5.     Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).  At all times pertinent to this Complaint, America's was a covered entity under the Act and was Golightly's "employer" as defined by the Act.  Wilson was also Golightly's "employer" as defined by the Act.  Venue is proper in this district under 28 U.S.C. § 1391, as all or a substantial portion of events giving rise to the claim occurred within the Northern District of Texas, Dallas Division, and America's Tire is headquartered in this district.

## IV. STATEMENT OF FACTS

6.     Golightly worked for America's Tire from approximately January 1, 2010 through May 27, 2011.

7.     Golightly agreed with America's Tire and Wilson to work as an hourly employee paid according to standardized hours for work done, according to Chilton's or another appropriate industry guide.

8.     Contrary to their work agreement, America's Tire and Wilson did not pay Golightly according to standardized flag hours.  Instead, America's Tire and Wilson paid Golightly based on inconsistent estimates of work hours and made improper deductions from his pay that resulted in thousands of dollars of lost wages to Golightly.

9.     Because America's Tire and Wilson paid Golightly on an hourly basis rather than the flag-hour rate, Golightly is a non-exempt employee under the Act.

10.    During one or more workweeks of Golightly's employment, Golightly worked in excess of 40 hours.

11.     During one or more workweeks of Golightly's employment in which Golightly worked overtime hours, America's Tire and Wilson failed to pay Golightly one-and-one-half times Golightly's regular rate of pay for each overtime hour worked even though Golightly was legally entitled to such overtime pay.  During one or more weeks of Golightly's employment, the unauthorized deductions made by America's Tire and Wilson caused Golightly's pay rate to fall below the minimum wage set by the United States Department of Labor.

12.     On or about May 27, 2011, Golightly quit because he lost patience with the regular, large amounts of money that were being taken from his check without his authorization.

### V. COUNT ONE - VIOLATION OF FAIR LABOR STANDARDS ACT

13.     The acts of America's Tire and Wilson described in the preceding paragraphs violate the Fair Labor Standards Act of 1938, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

14.     The violations committed by America's Tire and Wilson were committed willfully within the meaning of the Fair Labor Standards Act.  Golightly is entitled to liquidated damages under the FLSA, which is an amount equal to the amount of unpaid wages.

### V. COUNT TWO – BREACH OF CONTRACT

15.     America's Tire, Wilson and Golightly had an implied agreement by conduct that America's Tire would compensate Golightly at a rate of $20.00 per hour based on standardized hours for service, or"flag hours" as provided by Chilton's or another industry manual.

16.     Golightly fully performed his contractual obligations.  He estimates that he should have been paid at least 30 flag hours per week.  By these calculations, he estimates that America's Tire and Wilson shorted him approximately $17,775.00.  Such calculations may change during the course of discovery in this case.

17.     America's Tire and Wilson breached the contract, failing to calculate pay according to the agreement, instead calculating pay by unknown and inconsistent methods.  Further, America's Tire and Wilson on certain occasions intentionally failed to place orders for which Mr. Golightly should be paid in his work box, instead placing them in the boxes of staff members (who were also family members of Wilson) who were paid on a salaried basis.  Furthermore, Wilson would frequently make unauthorized deductions from his paycheck, some of which caused Golightly the loss of hundreds of dollars per pay period.

18.     <u>Attorney fees.</u>  Golightly is entitled to recover reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001.  On or about October 25, 2011, America's Tire owner, Jimmie Wilson, received a written presentation of claim via facsimile from Golightly's counsel for the amount due.  Thirty days have passed and no payment has been tendered.  Golightly has had to retain the undersigned law firm to collect the amount owed under the contract.  Golightly is therefore entitled to reasonable attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 from November 24, 2011, forward.

## V. COUNT THREE – QUANTUM MERUIT COMPENSATION

19.     In the event of a lack of contract as specified in Count 2, America's Tire and Wilson accepted services from Golightly without compensating him, entitling Golightly to quantum meruit compensation.

20.     Golightly provided the services for America's Tire and Wilson's benefit.  America's Tire and Wilson received that benefit by billing clients according to flag hours, though not paying Golightly according to flag hours as agreed.

21.     America's Tire and Wilson knew or should have known that Golightly expected compensation when America's Tire and Wilson accepted the services.

22. Golightly seeks liquidated damages within the jurisdictional limits of this court.

23. <u>Attorney fees.</u>  Golightly is entitled to recover reasonable attorney's fees under Texas Civil Practice & Remedies Code section 38.001(1)-(3) because this suit is for services rendered and labor performed.

## VI. DAMAGES

24. As a result of America's Tire and Wilson's unlawful conduct, Golightly is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

25. Section 216(b) of the Fair Labor Standards Act provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Golightly seeks an award from both Defendants of liquidated damages in an amount equal to the amount of unpaid overtime pay.

26. Golightly further seeks liquidated damages from both Defendants' as a result of America's Tire and Wilson's willful failures to pay overtime in violation of 29 U.S.C. § 207.

27. Golightly also seeks compensation of the out-of-pocket expenses and costs of court he has incurred and will incur in this action. Golightly is also entitled to reasonable and necessary attorney fees under 29 U.S.C. § 216(b).

28. Golightly seeks damages for breach of contract and/or quantum meruit compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter an order:

1. Declaring that Defendants violated the Fair Labor Standards Act;

2. Declaring that Defendants' violations of the FLSA were willful;

3.  Granting judgment to Plaintiff for his claims of unpaid wages as secured by the Fair Labor Standards Act, as well as liquidated damages;

4.  Awarding Plaintiff his costs, including expert witness fees, and reasonable attorney's fees;

5.  Awarding Plaintiff for his lost pay to which he was otherwise entitled.

6.  Awarding Plaintiff pre- and post-judgment interest at the highest rates allowed; and

7.  Granting such further relief as the Court finds just.

Respectfully submitted,

*/s/ Kerry O'Brien*

| KERRY V. O'BRIEN | KAY E. GOGGIN |
| --- | --- |
| Texas Bar No. 24038469 | Texas Bar No. 08067700 |
| **Lead Counsel** for Plaintiff | **Local Counsel** for Plaintiff |
| | |
| O'BRIEN LAW FIRM PC | LAW OFFICE OF KAY E. GOGGIN |
| 2901 Bee Cave Rd., Box I | 5025 N. Central Expressway, Ste 3010 |
| Austin, Texas 78746 | Dallas, Texas 75205 |
| ko@obrienlawpc.com | kay@gogginlaw.com |
| ph (512) 410-1960 | ph (972) 437-1965 |
| fax (512) 410-6171 | fax (214) 520-9211 |